IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANGELO PARKS,

    Petitioner,                           CASE NO. 2:12-CV-1135
                                           JUDGE GRAHAM
    v.                                       MAGISTRATE JUDGE KING

MICHELE MILLER, WARDEN,
BELMONT CORRECTIONAL
INSTITUTION,

    Respondent.

## REPORT AND RECOMMENDATION

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the *Petition*, Doc. No. 3, Respondent's *Motion to Dismiss*, Doc. No. 8, and the exhibits of the parties.  Petitioner has not responded to the *Motion to Dismiss.*  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss*, Doc. No. 8, be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

## PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the procedural history of this case as follows:

> On September 17, 2010, the Stark County Grand Jury indicted appellant, Angelo Parks, on one count of felonious assault in violation of R.C. 2903.11(A)(1) and/or (2). Said charge arose after appellant and Maurice Jackson, appellant's girlfriend's son, had an argument and appellant, while holding a knife, swung at Maurice and cut his eye.
>
> A jury trial commenced on November 29, 2010. The jury found appellant guilty as charged. By judgment entry filed December 3, 2010, the trial court sentenced appellant to seven years in prison.

1

> Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
>
> I  "THE TRIAL COURT'S FINDING OF GUILT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
>
> II  "IT WAS PLAIN ERROR FOR THE TRIAL COURT TO FAIL TO INSTRUCT THE JURY ON THE LESSER OFFENSES OF FELONIOUS ASSAULT."
>
> III  "THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHT TO CONFRONTATION BY ADMITTING TESTIMONIAL EVIDENCE OF OUT–OF–COURT DECLARATION THROUGH POLICE OFFICER TESTIMONY."

*State v. Parks*, No. 2010CA00349, 2011 WL 2464198, at *1 (Ohio Appellate 5th Dist. June 20, 2011).  On June 20, 2011, the appellate court affirmed the judgment of the trial court.  *Id*. Petitioner did not timely appeal from that decision.  On August 24, 2012, *i.e*., more than one year later, Petitioner filed a motion for delayed appeal.  *Exhibits 19, 20* to *Motion to Dismiss*.  The Ohio Supreme Court denied that motion on October 10, 2012.  *State v. Parks*, 133 Ohio St.3d 1410 (2012).  On August 10, 2011, Petitioner filed a *Motion to Vacate or Modify Order Requiring Payment of Court Costs, Fines and/or Restitution*.  *Exhibit 10* to *Motion to Dismiss*. On August 15, 2011, the trial court denied that motion.  *Exhibit 11* to *Motion to Dismiss.*

On October 18, 2011, Petitioner filed a motion to vacate or set aside judgment in the trial court,  arguing that the trial court lacked jurisdiction, that he had been denied due process because police failed to take him before a magistrate immediately after his arrest, that fraud had been committed before the grand jury, and that he had been denied the effective assistance of counsel. *Exhibit 12* to *Motion to Dismiss.*  On November 23, 2011, the trial court dismissed that post-conviction action.  *Exhibit 14* to *Motion to Dismiss.*   Petitioner did not file an appeal from

that decision, but he filed a *Motion for Judicial Release* on December 21, 2011. *Exhibit 15* to *Motion to Dismiss.* The trial court denied that motion on December 27, 2011. *Exhibit 16* to *Motion to Dismiss.* On May 24, 2012, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), asserting that he was denied the effective assistance of appellate counsel because his attorney failed to raise a claim of denial of effective assistance of trial counsel and failed to file a responsive brief. *Exhibit 17* to *Motion to Dismiss.* On June 13, 2012, the appellate court denied Petitioner's Rule 26(B) application for failure to establish good cause for the untimeliness of the filing. *Exhibit 18* to *Motion to Dismiss.* Petitioner did not, apparently, file an appeal to the Ohio Supreme Court from that decision.

Petitioner filed the *pro se Petition* on December 10, 2012. Petitioner asserts that he was denied effective assistance of trial counsel (claim one), that his convictions were against the manifest weight of the evidence and there was insufficient evidence to support his convictions (claim two), that he was denied a fair trial because the trial court failed to instruct the jury on felonious assault (claim three), that he was denied his right to confront witnesses against him (claim four), and that he was denied the effective assistance of appellate counsel (claim five).

Respondent contends in the *Motion to Dismiss* that this action is barred by the one-year statute of limitations. As noted *supra*, Petitioner has not responded to the *Motion to Dismiss* despite being afforded the opportunity to do so and after having been advised of the consequences of his failure to respond to the *Motion to Dismiss. Order*, Doc. No. 9.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of federal habeas corpus petitions:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In the case presently before the Court, Petitioner's judgment of conviction became final on August 4, 2011, *i.e.*, forty-five days after the appellate court's June 20, 2011, dismissal of his direct appeal, when the time for filing an appeal to the Ohio Supreme Court expired. *See Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 460 (6th Cir. 2012)(citing *Gonzalez v. Thaler*, -- U.S. --, 132 S.Ct. 641 (2012)). The statute of limitations therefore began to run on August 5, 2011, and expired no later than August 5, 2012.[1] The *Petition* was filed on December 10, 2012; Petitioner signed his application for leave to proceed

---

[1] 2012 was a leap year.

*in forma pauperis* on November 20, 2012. *In Forma Pauperis Declaration*, Doc. No. 1. By either of those dates, however, the one-year statute of limitations had already expired.

Petitioner's application to reopen the appeal pursuant to Ohio Appellate Rule 26(B) and his petition for post-conviction relief did not toll the running of the statute of limitations under 28 U.S.C. § 2244(d), because the state courts denied both post-conviction filings as untimely. *See Exhibits 14, 18* to *Motion to Dismiss*.[2] *Pace v. DeGuglielmo*, 544 U.S. 408, 417 (2005)("Because the state court rejected petitioner's [post-conviction relief] petition as untimely, it was not 'properly filed,' and hence he is not entitled to statutory tolling under § 2244(d)(2)"). Neither Petitioner's *Motion for Judicial Release* nor his *Motion to Vacate or Modify Order Requiring Payment of Court Costs, Fines and/or Restitution* tolled the running of the statute of limitations because neither motion challenged or otherwise sought review of Petitioner's conviction or sentence. *See Thombs v. Voorhies*, No. 2:08-cv-728, 2010 WL 1727259, at *2 (S.D. Ohio April 27, 2010)("'[B]ecause petitioner's motions for judicial release did not seek collateral review of the underlying judgment or sentence that resulted in petitioner's incarceration, the statute of limitations was not tolled under § 2244(d)(2) during the time they were pending in the state courts.'")(quoting *Fleming v. Lazaroff*, No. C-1-05-513, 2006 WL 1804546, *3 (S.D. Ohio June 28, 2006)).

Furthermore, Petitioner does not allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida*, -- U.S. --, 130 S.Ct. 2549, 2562 (2010)(equitable tolling is appropriate where a petitioner has diligently pursued his rights and "some extraordinary circumstance" prevented him from timely filing).

---

[2] The State filed a *Motion to Dismiss and for Summary Judgment* in response to Petitioner's post- conviction petition, arguing that "the petition was not timely filed and does not state grounds which facially state a claim upon which relief can be granted." *Exhibit 13* to *Motion to Dismiss*, PageID #223. The trial court dismissed Petitioner's post-conviction petition, stating, "For the reasons stated in the response to the petition filed by the State of Ohio, the Court finds said petition not well taken and dismisses the same." *Exhibit 14* to *Motion to Dismiss*.

In short, the statute of limitations expired no later than August 5, 2012.  Petitioner submitted his *Petition* for filing no earlier than November 20, 2012.  This action is therefore untimely and cannot proceed.

It is therefore **RECOMMENDED** that Respondent's *Motion to Dismiss,* Doc. No. 8, be **GRANTED** and that this action be **DISMISSED**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985*); Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir.1987); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                  *s/ Norah McCann King*
                                                  Norah McCann King
                                            United States Magistrate Judge

July 24, 2013